U & Me Homes, LLC v County of Suffolk

2026 NY Slip Op 03331

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U & Me Homes, LLC, respondent,

v

County of Suffolk, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2021-06018, 2021-06019, (Index No. 11760/14)

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. McCormack, JJ.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for appellants County of Suffolk and Clerk of the County of Suffolk.

James M. Burke, Town Attorney, Southampton, NY (Kelly A. Doyle of counsel), for appellants Town of Southampton and Town of Southampton Planning Board.

Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent and Robert W. Frommer of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, for a judgment declaring that a certain restrictive covenant is unenforceable because it was not authorized under the Code of Suffolk County and did not run with the land, and that the restrictive covenant was extinguished on the ground of merger, the defendants County of Suffolk and Clerk of the County of Suffolk appeal, and the defendants Town of Southampton and Town of Southampton Planning Board separately appeal, from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 16, 2021, and (2) a judgment of the same court dated August 2, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action, sua sponte, declared that enforcement of the restrictive covenant would constitute an unconstitutional taking per se, and denied the separate cross-motions of the defendants County of Suffolk and Clerk of the County of Suffolk and the defendants Town of Southampton and Town of Southampton Planning Board for summary judgment, in effect, with respect to the first through fourth causes of action. The judgment, upon the order, declared that the restrictive covenant is void and of no legal effect.

ORDERED that the appeals from the order are dismissed; and it is further,

ORDERED that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action is denied, those branches of the separate cross-motions of the defendants County of Suffolk and Clerk of the County of Suffolk and the defendants Town of Southampton and Town of Southampton Planning Board which were for summary judgment, in effect, with respect to the second, third, and fourth causes of action are granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith, and thereafter the entry of a judgment, inter alia, making appropriate declarations in accordance herewith; and it is further,

ORDERED that one bill of costs is awarded to the appellants.

The appeals from so much of the order as, sua sponte, declared that enforcement of the restrictive covenant would constitute an unconstitutional taking per se must be dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The appeals from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action and denied the separate cross-motions of the defendants County of Suffolk and Clerk of the County of Suffolk and the defendants Town of Southampton and Town of Southampton Planning Board for summary judgment, in effect, with respect to the first through fourth causes of action must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see id.). The issues raised on the appeals from those portions of the order are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501[a][1]).

In October 1994, the defendant County of Suffolk acquired title to certain real property in the defendant Town of Southampton, which was situated within the South Fork Special Groundwater Protection Area and the Town's Aquifer Protection Overlay District. In November 1999, the County sold the property at a public auction to BPC Holding, Inc. (hereinafter BPC Holding), and conveyed title to the property to BPC Holding by deed dated March 21, 2000 (hereinafter the 2000 deed). The 2000 deed contained a restrictive covenant providing that "[t]here shall be no development rights as to this parcel other than the right to construct a 50' westward extension of Laurel Valley Drive, subject to approval by the Town of Southampton."

In 2003, BPC Holding conveyed title to the property to Mollie-Dee II, Inc., which subsequently conveyed title to the property to Route 58 Holdings, LLC (hereinafter Route 58). In 2009, the County reacquired the property based upon Route 58's failure to pay taxes on the property. In 2010, after Route 58 redeemed the property by paying its overdue taxes, the County conveyed title to the property back to Route 58 via quitclaim deed. In 2012, Route 58 conveyed title to the property to Laurel Valley Holdings, Inc. (hereinafter Laurel).

In 2013, Laurel conveyed title to the property to the plaintiff. Prior to the closing, the plaintiff obtained a title search, which allegedly did not result in the plaintiff's discovery of the restrictive covenant. The plaintiff allegedly purchased the property to construct, inter alia, a one-family home on the property but was ultimately not permitted to obtain the required building permit from the Town due to the restrictive covenant.

In 2014, the plaintiff commenced this action against, among others, the County and the defendant Clerk of the County of Suffolk (hereinafter together the County defendants) and the Town and the defendant Town of Southampton Planning Board (hereinafter together the Town defendants) for a judgment declaring that the restrictive covenant is unenforceable and was extinguished. Thereafter, the plaintiff moved, among other things, for summary judgment on the fourth cause of action, seeking a judgment declaring that the restrictive covenant is unenforceable because it did not run with the land. The County defendants and the Town defendants separately cross-moved for summary judgment, in effect, with respect to the first through fourth causes of action. In an order dated July 16, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action and denied the separate cross-motions. The court issued a judgment dated August 2, 2021, upon the order, declaring that the restrictive covenant is void and of no legal effect. The County defendants and the Town defendants separately appeal.

"[A] restrictive covenant will run with the land and will be enforceable against a subsequent purchaser of the land when the following requirements are satisfied: (1) it must appear that grantor and grantee intended that the covenant should run with the land; (2) it must appear that the covenant is one touching or concerning the land with which it runs; [and] (3) it must appear that there is privity of estate between the promisee or party claiming the benefit of the covenant and the right to enforce it, and the promisor or party who rests under the burden of the covenant" (Housing Opportunity Multi-Family Efforts ["HOME"] v Village of Airmont, N.Y., 230 AD3d 1120, 1122 [*2][internal quotation marks omitted]). The only one of these requirements at issue on this appeal is the intent of the parties, "which must be determined from the instrument and, if necessary, by looking also to the surrounding circumstances" (Orange & Rockland Utils. v Philwold Estates, 70 AD2d 338, 343, mod 52 NY2d 253).

Here, the 2000 deed did not expressly recite that the restrictive covenant was to run with the land. Although that deed contained language providing that the County conveyed to BPC Holding, and to its "heirs or successors and assigns," the right to have and to hold the property, subject to the restrictive covenant, the mere presence of that language was not sufficient, standing alone, to establish that the grantor and the grantee intended that the restrictive covenant run with the land (see Brody v St. Onge, 167 AD2d 671, 673).

Nevertheless, the County defendants and the Town defendants established, prima facie, that the restrictive covenant was intended to run with the land based upon the surrounding circumstances. In support of their cross-motions, those defendants submitted evidence showing that the property was situated within the South Fork Special Groundwater Protection Area and the Town's Aquifer Protection Overlay District, that the purpose of the restrictive covenant was to preserve an environmentally protected area, that the County was only willing to sell the property on condition that, among other things, "[t]he parcel be deed restricted to reflect the elimination of development rights," aside from "[the] fifty-foot portion of the property [to] be used for the westward extension of Laurel Valley Drive," and that the property was listed for auction as having no development rights other than with respect to the 50-foot portion indicated in the restrictive covenant. Moreover, the Town defendants submitted an expert affirmation from John Howard Lynch, who opined that the restrictive covenant implemented for the purpose of environmental conservation was intended to run with the land, rather than to simply restrict the original purchaser, BPC Holding, from developing the property. Thus, the County defendants and the Town defendants established their prima facie entitlement to judgment as a matter of law with respect to the fourth cause of action and declaring that the restrictive covenant runs with the land. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted those branches of the separate cross-motions of the County defendants and the Town defendants which were for summary judgment, in effect, with respect to the fourth cause of action and declaring that the restrictive covenant runs with the land, and denied that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action.

In addition, the Supreme Court should have granted those branches of the separate cross-motions of the County defendants and the Town defendants which were for summary judgment, in effect, with respect to the second cause of action, seeking a judgment declaring that the restrictive covenant was extinguished on the ground of merger. Specifically, that cause of action alleged that as a result of the County acquiring the property by tax deed in 2009 based upon the failure of the owner at the time, Route 58, to pay taxes on the property, the restrictive covenant merged with the County's fee title to the property and "ceased to exist." "'[W]here the title in fee to both the dominant and servient tenements becomes vested in one person, an easement [or restrictive covenant] is extinguished [by merger]'" (Perry-Gething Found. v Stinson, 218 AD2d 791, 792, quoting Castle Assoc. v Schwartz, 63 AD2d 481, 486). Here, the County defendants and the Town defendants established, prima facie, that the doctrine of merger was not applicable to the circumstances of this case, in which the 2009 tax deed conveyed title to the property to the County "with all . . . restrictions" (Behar v Wiblishauser, 99 AD3d 838, 841), and Route 58 then redeemed the property (see Suffolk County Administrative Code § A40-3[A]-[H]), subject to any restrictive covenants that had existed when Route 58 previously owned the property (see Behar v Wiblishauser, 99 AD3d at 841). In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the court should have granted those branches of the separate cross-motions of the County defendants and the Town defendants which were for summary judgment, in effect, with respect to the second cause of action and declaring that the restrictive covenant was not extinguished on the ground of merger.

Further, the County defendants and the Town defendants established, prima facie, that the County was authorized to include the restrictive covenant in the 2000 deed as a condition of the sale of the property at public auction. In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the separate cross-motions of the County defendants and the Town defendants which were for summary judgment with respect to the third cause of action, seeking a judgment declaring that the restrictive covenant is unenforceable because it was not authorized under the Code of Suffolk County.

However, contrary to the contentions of the County defendants and the Town defendants, the Supreme Court properly denied those branches of their separate cross-motions which were for summary judgment, in effect, with respect to the first cause of action, seeking a judgment declaring that the restrictive covenant is unenforceable pursuant to RPAPL 1951. "In order to state a cause of action pursuant to RPAPL 1951, a plaintiff seeking a declaration that a restrictive covenant is unenforceable must allege that, upon a balancing of the equities, the restrictive covenant is of no actual and substantial benefit to the party seeking to enforce it" (Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc., 65 AD3d 1312, 1314). Here, the County defendants and the Town defendants failed to establish, prima facie, that the plaintiff's alleged hardships due to the restrictive covenant did not "tip the balance of equities in favor of extinguishing [the restrictive covenant]" pursuant to RPAPL 1951(2) (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 434; cf. Ramaquois Real Estate Co., LLC v Town of Haverstraw, 219 AD3d 1538, 1540). Accordingly, the court properly denied those branches of the separate cross-motions which were for summary judgment, in effect, with respect to the first cause of action, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

The parties' remaining contentions either are not properly before this Court or without merit.

In light of our determination, and since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for further proceedings on the second amended complaint pertaining to the surviving causes of action, and thereafter for the entry of a judgment, inter alia, making the appropriate declarations in accordance herewith (see Lanza v Wagner, 11 NY2d 317, 334).

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court